UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRICK LAMONT GIRLEY,<br><br>                        Plaintiff,<br><br>v.<br><br>PATTI C. RATEKIN,<br>Commissioner, North County Division, Department 19,<br><br>                       Defendant. | Case No.: 3:20-cv-01930-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Leave to Proceed in Forma Pauperis filed by Plaintiff Dedrick Lamont Girley. (ECF No. 2).

**I.    PROCEDURAL BACKGROUND**

    On September 28, 2020, Plaintiff Dedrick Lamont Girley initiated this action by filing a Complaint against Defendant Patti C. Ratekin. (ECF No. 1). On the same day, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("Motion for Leave to Proceed IFP"). (ECF No. 2).

**II.    MOTION FOR LEAVE TO PROCEED IFP (ECF NO. 2)**

    All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of

$400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

Plaintiff states in his application to proceed in forma pauperis that he is "unable to pay the costs of these proceedings . . . ." (ECF No. 2 at 1). Plaintiff states that he receives an average monthly income of $1,707.17 and expects to receive $1,686.69 next month. *See id*. at 2. Plaintiff states that, during the past 12 months, he has received income from self-employment, interest and dividends, and disability. *See id*. at 1-2. Plaintiff states that he receives $1,421.63 in gross monthly pay. *See id*. at 2. Plaintiff states that he has $136.00 in cash, $80.50 in a Union Bank of California checking account, and $35.73 in a Navy Federal Credit Union checking account. *See id*. Plaintiff states that he owns a motor vehicle valued at $1,000.00. *See id*. at 3. Plaintiff lists as dependents two minor children. *See id*. Plaintiff states that his total monthly expenses are $2,392.05. *See id*. at 5. Plaintiff states that he is "currently homeless." *Id*. After considering Plaintiff's application, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### III.   INITIAL SCREENING OF THE COMPLAINT (ECF NO. 1)

The determination of whether a party may proceed in forma pauperis does not complete the inquiry. The court is also required to screen cases filed by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2) states that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). "The purpose of [screening] is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "However, a liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[T]he mere possibility of misconduct" or "an unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id*. at 678-79. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Plaintiff alleges that Defendant has violated 18 U.S.C. § 247 (damage to religious property; obstruction of persons in the free exercise of religious beliefs) and Plaintiff's Second, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *See* ECF No. 1 at 3. Plaintiff alleges that

> Defendant failed to abide by California Rules of Court 5.210(e)(6) and designate an agency to perform an investigation into allegations of child abuse. Defendant failed to follow Family Code 3027 and deprived me of remedy under Family Code 3027.1. Furthermore, Defendant failed to memorandum of law explaining her rulings. Defendant failed to be fair and

impartial when she called my witness and me a liar and stated, "The only opinion that matters in this courtroom is mine."

*Id*. at 4. Plaintiff further alleges that

> I was served with divorce papers on 27 March 2019 . . . . I attended FCS mediation on 18 April 2019. Child abuse was alleged. FCS report was submitted to the court on 22 April 2019. No investigation was order. At every hearing, from 9 May 2019 to 14 September 2020, I requested an investigation into the child abuse allegations. Commissioner Patti C. Ratekin refused. On 16 May 2019, I received a Temporary Restraining Order / Move out Order. I have been homeless since 16 May 2019. I was ordered to deliver my firearm to Carlsbad Police Department, which I did. I was order to stay 100 years away from Julia Girley, my two younger children, and 2 cats. Due to the restraining order, I can no longer attend church services. Commissioner Patti C. Ratekin called my witness and me a liar and stated, "The only opinion that matters in this courtroom is mine." Commissioner Ratekin made child custody and support orders in error and without benefit of an investigation into child abuse allegation.

*Id*. Plaintiff further alleges that

> [B]eing restrained from my home and business has injured me financially. Being restrained from my children has injured me mentally. My children are continuing to grow up without me. I can't get that time back.

*Id*. at 5. Plaintiff further alleges that

> I want all of Commissioner Ratekin's order set aside. I want $1,000,000 in punitive damages for the violations of my constitutional rights and the rights of my children. I want the investigation into the child abuse allegation. After the investigating agency submits it's findings to the court, the divorce can proceed.

*Id*.

Plaintiff fails to allege facts to support the allegations that Defendant has violated 18 U.S.C. § 247 (damage to religious property; obstruction of persons in the free exercise of religious beliefs) or Plaintiff's Second, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff fails to sufficiently allege causes of action pursuant to federal law. The Court finds that the Plaintiff's "allegations are conclusory and not entitled to be assumed

4

3:20-cv-01930-WQH-AHG

true." *Iqbal,* 556 U.S. at 681.  The Court concludes that Plaintiff fails to allege facts to state a claim against Defendant Patti C. Ratekin.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis filed by Plaintiff Dedrick Lamont Girley (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.  Plaintiff Dedrick Lamont Girley may file a Motion to File an Amended Complaint within sixty (60) says of the date of this Order.  If no motion is filed, the Clerk of the Court shall close this case.

Dated:  October 1, 2020

Hon. William Q. Hayes
United States District Court